Hamilton Ward, J.
This is a proceeding pursuant to the provisions of chapter 758 of the Laws 1937 as amended by chapter 561 of the Laws 1939 and entitled “ An Act providing an alternative method for the county of Erie to acquire real property by condemnation before the supreme court without a jury ”.
This act is in full force and effect and without further amendment.
All conditions precedent (§3) having been duly complied with, the petition herein came on for hearing without a jury before the Supreme Court in Erie County, Justice Hamilton" Ward presiding, on March 25, 1969 (§4). All legal evidence offered by the parties interested was heard and a view of the subject property was had immediately following the trial and on March 27, 1969 by the Justice presiding. After considering the proofs, the just compensation to be made to the owner of the land being acquired was determined. A written decision was made and filed in the office of the Clerk of the County of Erie on October 27, 1969. A copy has been duly served on the defendant by the County Attorney of the County of Erie (§6).
Now comes this prósent application presenting objections thereto and an application for modification thereof (§6). On the return date (Dec. 22, 1969) a hearing was held in the chambers of Justice Ward and thereafter a decision on the present application was reserved pending filing of briefs. The defendant’s brief has been filed timely. No brief has been filed by the plaintiff although the time to do so has expired. I proceed to decision.
The defendant objects to all findings as to each controverted issue and specifically being findings numbered 5, 6, 7, 8, 9,10,11 & 12. In the posture of this case a review of these findiugs and any modification thereof is for an appellate court. Each of these objections is denied. Defendant further objects to the direction contained in the decision ‘ ‘ Prepare and submit judgment accordingly”. Technically such direction is surplusage, as a final decree under this special act must abide the application *881 for such final decree as provided for by sections 8 and 9. This direction is hereby stricken from the above decision.
In denying the objection to paragraph 12 of the findings, this court has not overlooked the argument advanced by the defendant in paragraph 4 of the objections. This paragraph reads as follows: “ 4. take further notioe that objection is made to the fair market value for the subject property determined in said decision in that the fair market value determined in said decision does not take into account the substantial increases which have occurred in the fair market value of said defendant’s property in the unusually long period of time which transpired between trial and the handing down of said decision and which will continue to occur until the time title is likely to vest in the plaintiff, such increases being the results of the announced development of the Lancaster domed sports stadium, civic center and associated commercial, industrial, research, amusement and residential complex in the vicinity of the subject property. The attached affidavit of Mr. Lawrence A. Grant, the President of Grant Appraisal & Research Corporation, attests to the fact that such increases have actually occurred in the time since trial and indicates the necessity for a reconsideration of the fair market value of the subject property. Such reconsideration in view of these vastly changed conditions is required by the well settled rule of law in New York that valuation in condemnation proceedings is to be made either at the time that the condemning authority enters into possession or at the time that title is likely to vest in the condemning authority, whichever is later.”
In substance this objection is a claim that just compensation cannot be determined by the Supreme Court pursuant to this special aqt until “ either at the time that the condemning authority enters into possession or at the time that title is likely to vest in the condemning authority, whichever is later ’ ’. (Last sentence paragraph 4 above including emphasis.) In support of this contention, defendant by his brief has referred to a number of authorities. An examination of these authorities discloses that none are in actions or proceedings under the Erie County Special Act. This special act controls the present proceeding.
Section 2 of this act provides:
“§ 2. Whenever the county of Erie is authorized or is required by law to acquire real property for any purpose, the proceedings therefor, insofar as the same relate to the ascertainment of compensation or damages to be made to the owners of the real property to be acquired, notwithstanding the provisions of any other general or special law to the contrary, shall be conducted *882 pursuant to this act, if so determined by resolution of the board of supervisors; and compensation shall be made to the owners of the real property acquired in accordance with the provisions of this act. (Emphasis supplied.)
‘1 Wherever and whenever in the county law, highway law, condemnation law or any other law, it is provided that property may be acquired ‘ by condemnation, ’ or ‘ by condemnation proceedings ’ or by similar words or phrases, the county of Erie is hereby authorized and empowered to acquire property under the provisions of this act for any purpose, as an alternative to the method provided in any other law relating to the acquisition of property by condemnation proceedings. ’ ’
It is clear that, once the Board of Supervisors of Erie County, as here, has elected by resolution to proceed under this special act and to acquire any property thereby the provisions of this act are controlling and “ compensation shall be made to the owners of the real property acquired in accordance with the provisions of this act ” (§ 2).
Compensation decreed shall be made (1) after the decision of the Supreme Court, (2) after filing and serving of such decision, (3) after objections are made and heard and determined (§ 6), (4) after transmission of the decision to the Board of Supervisors (§ 7), (5) after application for final decree (§8 and 9) and finally “ within one year after the granting of the final decree, the county shall make to the persons to whom compensation shall have been decreed the compensation decreed to them ”. (First sentence, § 13.)
Using the outside time measurements above, 16 months could pass from the time the decision of the court is received by the Board of Supervisors and the making of the compensation decreed. Then upon such payment ‘ ‘ the fee to the lands taken shall vest in the county ” (§ 13). As above, defendant contends that valuation in a condemnation proceeding is made either at the time that the condemning authority enters into possession, or at the time that title is likely to vest in the condemning authority, whichever is later. As far as a condemnation proceeding pursuant to the provision of this special act is concerned, this contention is without merit. By the language of this act, the time at which just compensation is determined is as follows: “ The court * * * shall hear all legal evidence offered by the county and any person interested in the land, and after viewing the land to be acquired, hearing such evidence and considering such proofs, shall determine the just compensation to be made to the owner of and the persons interested in the land to be acquired.” (§6.)
*883 Thus, the point in time at which just compensation shall be determined, as mandated, is fixed at the time after the view of the property by the court following the hearing of all legal evidence. This is a point in time which can be fixed with certainty and a time at which all legal evidence bearing upon the court’s decision is before the court. No one can say with certainty the period of time a Trial Justice may require to prepare and file his written decision. Bach case is different based on the length of the trial, the nature of the proof, the complexity of questions of law and fact, the nature of the property to be acquired, the availability of transcript of testimony, the preparing and service of briefs, cross briefs and replies to cross-briefs by counsel, the trial assignment schedule of today’s very busy Trial Justice, all these and more affect the date on which a written decision can be prepared and filed by the trial court. Such time is indefinite and uncertain and is not a point in time at which just compensation is fixed in a condemnation proceeding brought by the County of Brie pursuant to the above special act. As will appear below, whatever the law of this State may be in condemnation proceedings brought under any other statute and in the absence of any reported authority on this point under this special act, this court holds hereby and herewith that valuation in a condemnation proceeding is not ‘6 to be be made either at the time that the condemning authority enters into possession or at the time that title • is likely to vest in the condemning authority, whichever is later”, (last sentence Objection 4, defendant’s objections to decision) in a proceeding brought under this special act.
By the language of this act, the Board of Supervisors of Brie County is given four months after actual receipt of the decision of the Supreme Court to determine whether to apply to the Supreme Court for a final degree accordingly, or to apply for a final decree of discontinuance or abandonment of the proceeding in whole or in part. (§8.) “ The final decree shall be conclusive upon the county of Brie and upon the owners of and all persons interested in the real property ” (§ 9).
As a responsible public authority, the Board of Supervisors of Erie County and in compliance with the many statutes concerning the expenditure of public funds by the Erie County Board of Supervisors, that board must know at the time it is called upon to direct the County Attorney to apply for the above final degree what the property subject to condemnation will cost and must at that time be able to determine whether there is still the need and/or desire of the Board of Supervisors of Brie County to take the property either in whole or in part. Cost *884 certain at that time should have a substantial bearing on the board’s decision to act and indeed on its authority to pay out public funds. This same reasoning applies to the" time title vests in the county. Section 13, Payment of awards, provides inter alia ‘ ‘ Within one year after the granting of the final decree, the county shall make to the persons to whom compensation shall have been decreed the compensation decreed to them ”. It is patent that the compensation referred to here is the compensation determined by the court as above and ordered in the final decree. This language is clear and unambiguous and does not permit an interpretation that the amount of compensation to be paid shall be re-examined in the light of changing circumstances which have occurred since the trial and the view by the court, and again determined at the time the fee and the property shall vest in the county. (§ 13, last sentence.) In further support of this holding, section 13 also provides “ In case any such person shall refuse the same [compensation decreed] the county may pay the amount * * * into the court in which the proceedings were had ”.
This proceeding does not involve an immediate taking of possession of the land (§ 10). However, an examination of this special act concerning the rights, duties and obligations of the county and other persons interested in such proceeding buttresses the holding here that just compensation in either event is determined at the time and the manner above.
The petition of the attorney for the defendant and the affidavit in support thereto point to a claimed change of circumstances brought about by the possible establishment in the same general area of the subject property of what is referred to in the petition “ the announced development of the Lancaster domed sports stadium, civic center and associated commercial, industrial, research, amusement and residential complex in the vicinity of the subject property.” (par. 4.)
The petition and the affidavit clearly attest that this claimed increment to the value of the subject property occurred after the trial and the view of the property by the court and for this reason was not presented to the court on the trial. There is no claim here by this petition of inadvertence, oversight, neglect, or misconception of the controlling law requiring a new trial of the issues. Stated in the simplest terms, the claim on these objections and the application for modification of the decision is that the above development, having been announced following the trial, has substantially increased the value of defendant’s property and, therefore, just compensation should be increased accordingly. On this point and as an aside and without any *885 bearing on the decision herein, there probably has been no worse kept secret in the County of Erie in the many years past than this proposed development, as appears and has appeared in the daily press and the public acts of the Board of Supervisors of Erie County for many months before this trial. Even at this time there is no certainty that this development will ever take place, nor does the petitioner or affiant so assert. If perchance it will take place, neither the petition nor the supporting affidavit indicates with any certainty whatsoever, when it will occur and what increments of value will in such event be added to real property in the Town of Lancaster wheresoever located. At this point this amounts to pure land speculation. Neither the Supreme Court nor the Board of Supervisors of Erie County should be called upon to indulge in such speculation. Indeed, the language of this special act as above forbids such speculation.
The objections are denied in whole and the application for modification is denied, with $25 costs to Erie County.